UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, et al,<br><br>    Defendants. | Case No. 1:24-cv-00592-KES-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(Doc. 9) |

On May 17, 2024, Plaintiff Nathanael Smith, proceeding pro se and in forma pauperis, filed his complaint against Defendants Gavin Newsome, Kevin Seibert, Hallie Campbell, David Beyersdorf, Philip Pimentel, Anaiah Kirk, Ryan Campbell, Martin Huberty, Terry Woodrow, Frank Axe, Gary Tofanelli, Jeff Brown, Veronica Roberts, Cassandra Jenecke, Nate Nutting, Clint Parish, Oscar Martinez, Diego Martinez, Natalia Monaco, Stacy Spring, Sharon Sanders, California Highway Patrol, Central Sierra Child Support Agency, Olivia Phillips, and July Salkeld for alleged violations of his rights under the First, Second, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments and other federal statutes.  (Doc. 1.)  The Court granted Plaintiff's application to proceed in forma pauperis and advised Plaintiff that the Court is required to screen complaints of pro se litigants proceeding in forma pauperis pursuant to Title 28 of the United States Code section 1915(e)(2) and would screen Plaintiff's complaint in due course.  (Doc. 5.)

1

1    On May 28, 2024, Plaintiff subsequently filed a "motion to stay lower court orders" requesting
2    the Court stay state court orders.  (Doc. 6.)  Plaintiff subsequently filed a first amended complaint
3    and accompanying affidavit and writ of supersedeas on September 23, 2024.  (Docs. 7-8.)  On
4    October 15, 2024, Plaintiff filed the instant Motion for Disqualification.  (Doc. 9.)

5    Currently before the Court is Plaintiff's motion for disqualification, in which Plaintiff
6    requests that the assigned magistrate judge recuse herself pursuant to U.S.C. § 455(a)-(b).  (Doc.
7    9.)  In his motion, Plaintiff contends that the delay in processing Plaintiff's complaint and
8    requests to stay state court orders demonstrates improper bias and prejudice.  (*Id.* at 2-3.)

9    A magistrate judge must disqualify herself if her "impartiality might reasonably be
10   questioned," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or
11   personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. §
12   455(b)(1).  "[J]udicial rulings or information acquired by the court in its judicial capacity will
13   rarely support recusal."  *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing
14   *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The objective test for determining whether
15   recusal is required is whether a reasonable person with knowledge of all the facts would conclude
16   that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147
17   (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610
18   F.3d at 1147.

19   Plaintiff is informed that a motion to disqualify a judge must be decided by the judge
20   whose impartiality is being questioned.  *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing
21   *United States v. Sibla*, 624 F.2d 868, 868 (9th Cir. 1980)).  As it appears Plaintiff seeks
22   disqualification of the assigned magistrate judge, the undersigned will address Plaintiff's motion.

23   Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the
24   undersigned.  Plaintiff's broad allegations regarding the undersigned's prejudice, with reference to
25   the lack of ruling on Plaintiff's multiple filings, cannot support a finding that the undersigned
26   holds any personal bias or prejudice concerning Plaintiff or any other party.  Plaintiff's assertions
27   of prejudice or unfairness appear to be premised on judicial rulings in this action.  However,
28   judicial rulings, in and of themselves, do not constitute bias or partiality.  *See Johnson*, 610 F.3d

at 1147; *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.")  Plaintiff's conclusory statements and allegations are insufficient to establish that the undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists.

Accordingly, Plaintiff's motion for recusal of the magistrate judge (Doc. 9) is HEREBY DENIED.  Plaintiff's first amended complaint (Doc. 7) will be screened in due course.

IT IS SO ORDERED.

Dated:  **March 14, 2025**          /s/ *Barbara A. McAuliffe*          
                                                   UNITED STATES MAGISTRATE JUDGE