UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, et al.,<br><br>        Defendants. | Case No. 1:24-cv-00592-KES-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 7) |

On May 17, 2024, Plaintiff Nathanael Smith, proceeding pro se and in forma pauperis, filed his complaint against Defendants Gavin Newsome, Kevin Seibert, Hallie Campbell, David Beyersdorf, Philip Pimentel, Anaiah Kirk, Ryan Campbell, Martin Huberty, Terry Woodrow, Frank Axe, Gary Tofanelli, Jeff Brown, Veronica Roberts, Cassandra Jenecke, Nate Nutting, Clint Parish, Oscar Martinez, Diego Martinez, Natalia Monaco, Stacy Spring, Sharon Sanders, California Highway Patrol, Central Sierra Child Support Agency, Olivia Phillips, and July Salkeld for alleged violations of his rights under the First, Second, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments and other federal statutes. (Doc. 1.) The Court granted Plaintiff's application to proceed in forma pauperis and advised Plaintiff that the Court is required to screen complaints of pro se litigants proceeding in forma pauperis pursuant to Title 28 of the United States Code section 1915(e)(2) and would screen Plaintiff's complaint in due course. (Doc. 5.) On May 28, 2024, Plaintiff subsequently filed a "motion to stay lower court orders" requesting

1

the Court stay state court orders.  (Doc. 6.)  Plaintiff subsequently filed a first amended complaint and accompanying affidavit and writ of supersedeas on September 23, 2024.  (Docs. 7-8.)  Plaintiff's first amended complaint (Doc. 7) is currently before the Court for screening.

### I. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### II. Summary of Plaintiff's Allegations

Per his first amended complaint, Plaintiff brings this action against Defendants Judge Kevin Seibert, Judge Hallie Campbell, Judge David Beyersdorf, Commissioner Philip Pimentel, Ryan Campbell, Veronica Roberts, Nate Nutting, Clint Parish, Central Sierra Child Support Agency, Olivia Phillips, Juley Salkeld, and "John and Jane Doe (TBD)."  (Doc. 7 at 10-12.)  Generally, Plaintiff appears to allege that California state courts improperly issued various orders

which have limited his custody and visitation rights, caused him to pay additional child support payments, and caused him emotional, physical, and financial harm. (*Id.* at 6-15.) Plaintiff lists various California state court decisions he alleges were improperly decided, including a domestic violence restraining order, a requirement that custody be exchanged at a police station, court-ordered therapy, a prohibition against recording interactions with his son, visitation rights restrictions, a no visitation order, the denial of Plaintiff's petition for a domestic violence restraining order, denial of Plaintiff's petition to restore custody rights, a civil restraining order. (*Id.* at 6-8.) In answer to "What are the facts underlying your claim(s)," Plaintiff writes "See Attached (Attachment A)," which lists Defendants and their alleged actions. (*Id.* at 10-12.) There is also a document titled "Summary and Key Points of "RE: Declaration Regarding continued lies and perjury upon the court to kidnap minor child." (Doc. 7 at 14-15.) However, it is unclear whether this is part of "Attachment A" or is part of the additional 280 pages of California court filings and other authority that Plaintiff attaches to his complaint. (*Id.* at 14-298.)

Plaintiff submits the complaint under the First, Second, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, as well as under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 286, 18 U.S.C. § 287, 18 U.S.C. § 371, 18 U.S.C. § 1031, 18 U.S.C. § 1951(a)(b)(2), 18 U.S.C. § 1961(1)(A)(B)(2)(3)(4)(5), 18 U.S.C. § 2382, 18 U.S.C. § 455, 31 U.S.C. § 3729(a)(1)(A)(B)(E), and 42 U.S.C. § 658. (*See* Doc. 7 at 4.)

**III.   Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

1  Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's
2 complaint does not clearly state what happened.  Although Plaintiff broadly alleges
3 constitutional and statutory violations and lists California state court decisions that he argues
4 violate his constitutional rights, the short descriptions of the California state court decisions only
5 contain conclusory statements and legal conclusions.  (Doc. 7 at 6-8.)  Plaintiff does not explain
6 how the cited federal statutes were violated or provide further factual allegations regarding the
7 alleged constitutional and statutory violations.  (*See Id.* at 1-12.)  These conclusory statements
8 will not suffice, and Plaintiff must allege sufficient facts to support a cause of action.  As
9 indicated above, a mere recital of constitutional elements or the elements of a particular cause of
10 action is not sufficient.

11  While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot
12 simply dump a stack of exhibits on the court and expect the court to sift through them to
13 determine if some nugget is buried somewhere in that mountain of papers, waiting to be
14 unearthed and refined into a cognizable claim." *Lam v. California Dep't of Corr. & Rehab.*, No.
15 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and
16 recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18,
17 2024). "The Court will not comb through attached exhibits seeking to determine whether a claim
18 possibly could have been stated where the pleading itself does not state a claim. In short,
19 [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-
20 01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).  The Court has not review
21 Plaintiff's 280 pages of exhibits.

**B.  Jurisdiction - Child Custody, Visitation, and Child Support Claims**

23  Insofar as Plaintiff is attempting to raise claims regarding child custody, visitation, child
24 support, or restraining orders, the Court is without jurisdiction over such claims because they are
25 exclusively matters of state law.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992)
26 (holding that the domestic relations exception to federal subject matter jurisdiction "divests the
27 federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson*
28 *v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that

they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

Furthermore, to the extent Plaintiff is challenging orders of the state court regarding custody, visitation, child support and wage garnishment, he may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. *See*, *e.g.*, *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims involving child custody orders, restraining orders, and child support decisions issued by the state court are barred by the *Rooker-Feldman* doctrine. *See*, *e.g.*, *Moore v. County of Butte*, 547 Fed.App'x. 826, 829 (9th Cir. 2013) (concluding plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid").

**C. First Amendment**

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of

5

speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.  Plaintiff alleges that Defendants conspired to abridge his first amendment rights in relation to the issuance of a domestic violence restraining orders, court-ordered therapy, and custody rights. (Doc. 7 at 4-8.)  However, the nature of Plaintiff's First Amendment claim is unclear. While Plaintiff includes legal conclusions regarding those orders, Plaintiff's complaint is devoid of factual allegations regarding how any Defendant abridged his right to free speech.  Again, this Court does not have jurisdiction to review orders issued in state court proceedings.

### D. Second Amendment

"The Second Amendment provides: 'A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.'" *D.C. v. Heller*, 554 U.S. 570, 576 (2008) (quoting U.S. Const. amend. I).  Plaintiff alleges that Defendants conspired to abridge his first amendment rights in relation to the issuance of a domestic violence restraining orders, court-ordered therapy, and custody rights. (Doc. 7 at 4-8.)  However, these do not implicate the Second Amendment and Plaintiff does not include factual allegations related to any limitation on Second Amendment rights.

### E. Fifth Amendment

Plaintiff alleges that defendants violated the Fifth Amendment related to a denial of Plaintiff's petition for a domestic violence restraining order and Plaintiff's "Request for Statement of Decision." (Doc. 7 at 4, 7.)  However, "the Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  Plaintiff does not allege that any defendants are federal government employees. (*See Id.* at 1-12.)

### F. Sixth Amendment

Plaintiff alleges that his Sixth Amendment right to trial was violated by issuance of a no visitation order, denial of Plaintiff's petition for a domestic violence restraining order, denial of Plaintiff's "Request for Statement of Decision," and custody modifications. (*Id.* at 4, 7.)  The protections of the Sixth Amendment apply to criminal proceedings, not the circumstances

6

alleged here. *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions.") (quotation omitted).

### G. Seventh Amendment

Plaintiff alleges that his Seventh Amendment rights were violated. (Doc. 7 at 4.) The Seventh Amendment provides for the right to a trial by jury at suits in common law. U.S. Const. amend. VII. This Seventh Amendment constitutional guarantee "appl[ies] to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Tamosaitis v. URS Inc.*, 781 F.3d 468, 485 (9th Cir. 2015) (quoting *Curtis v. Loether*, 415 U.S. 189, 194 (1974)). However, Plaintiff's complaint includes no factual allegations implicating the Seventh Amendment. (*See* Doc. 7 at 1-12.) Again, this Court does not have jurisdiction to review orders issued in state court proceedings.

### H. Eighth Amendment

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by issuing a domestic violence restraining order against him, requiring him to exchange custody at a police station, instituting visitation limitations, issuance of a no visitation order, denial of a domestic violence restraining order, limitation of custody rights. (Doc. 7 at 4, 6-7.) The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. U.S. Const. amend. VII. These protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's complaint includes no factual allegations indicating that he is entitled to Eighth Amendment protections. (*See* Doc. 7 at 1-12.) This Court does not have jurisdiction to review orders issued in state court proceedings.

### I. Fourteenth Amendment

Plaintiff broadly alleges that his Fourteenth Amendment rights were violated by Defendants' issuance of domestic violence restraining orders, court-ordered therapy, a "prohibition against recording," visitation limitations and a no-visitation order, denial of

7

Plaintiff's "Request for Statement of Decision," and civil restraining order. (Doc. 7 at 4, 6-7.) Plaintiff does not suggest a theory under which his Fourteenth Amendment rights were violated and does not allege facts under either the due process or equal protection clause. (*See* Doc. 7 at 1-12.)

### 1. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Lewis*, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting *Lewis*, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.' " *Brittain*, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity," and the Supreme Court has been reluctant to expand the concept of substantive due process. *Albright*, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests

8

encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." *Brittain,* 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Plaintiff 's conclusory allegations are insufficient to state a claim. There are no facts alleged by which it could reasonably be inferred that Plaintiff has not received the process due from Defendants as it relates to his allegations in this action. (*See* Doc. 7 at 1-12.)

### 2. Equal Protection

A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, *because of* the plaintiff's membership in a protected class. *Serrano*, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (2005); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's complaint does not include any factual allegations indicating that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class. (*See* Doc. 7 at 1-12.) Nor are there any allegations that Plaintiff was intentionally treated differently than other similarly situated individuals. (*Id.*)

### J. Claims Under United States Code

Plaintiff alleges violations of various provisions of Title 18, including 18 U.S.C. § 241 (criminal statute for conspiracy against rights), 18 U.S.C. § 242 (criminal statute for deprivation of rights under color of law), 18 U.S.C. § 286 (criminal statute for conspiracy to defraud the Government with respect to claims), 18 U.S.C. § 287 (criminal statute for false, fictitious or

fraudulent claims), 18 U.S.C. § 371 (criminal statute for conspiracy to commit offense or to defraud United States); 18 U.S.C. § 1031 (criminal statute for major fraud against the United States); 18 U.S.C. § 1951 (criminal statute for interference with commerce by threats or violence); 18 U.S.C. § 1961 (criminal statute for racketeering); and 18 U.S.C. § 2382 (criminal statute for treason). (Doc. 7 at 4.) Plaintiff additionally includes claims under two other statutes: 31 U.S.C.A. § 3729 (false claims statute noting that violators of the statute are "liable to the United States Government for a civil penalty" plus damages) and 42 U.S.C. § 658 (repealed statute regarding child support in relation to social security). (*Id.*) "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). Rather, the Court is to consider if Congress intended to create the private right of action in the statute, looking first to the language of the statute. *Id.* "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Here, the sections cited by Plaintiff provide for fines, penalties, and incarceration for criminal offenses, as well as for liability to the United States Government for a false claims statute. There is no language in these sections that would imply a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.

### K. Immunity

Several defendants are immune from suit. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Additionally, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") Therefore, "judicial immunity is an immunity from suit, not just from

10

ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice[.]" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).

"Prosecutorial immunity applies to § 1983 claims.  State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process,' or, phrased differently, 'when performing the traditional functions of an advocate.'" *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (citations omitted).  This immunity extends to actions during both the pre-trial and post-trial phases of a case.  See *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order, for failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 20, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE