1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  NATHANAEL SMITH,                         Case No.  1:24-cv-00592-KES-BAM

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                             REGARDING PLAINTIFF'S MOTION TO
13        v.                                 STAY LOWER COURT ORDERS

14  GAVIN NEWSOME, et al.,                   (Doc. 6)

15              Defendants.

16

17        Plaintiff Nathanael Smith is proceeding pro se and *in forma pauperis* in this action,

18  alleging violations of his rights under the First, Second, Fifth, Sixth, Seventh, Eighth, and

19  Fourteenth Amendments and other federal statutes.  (*See* Doc. 7 at 1-12.)  On March 21, 2025, the

20  Court screened Plaintiff's first amended complaint and found that it failed to comply with Federal

21  Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (Doc. 11.)  The Court

22  further noted that it did not have jurisdiction to review orders issued in state court proceedings.

23  (*Id.*)  The Court has granted Plaintiff leave to file an amended complaint within thirty (30) days.

24  (*Id.*)  Following his original complaint, Plaintiff filed the instant Motion to Stay Lower Court

25  Orders, in which he requests the Court stay the enforcement of orders issued by Tuolumne

26  County Superior Court pending resolution of the instant action.  (Doc. 6.)

27

28

1

1

### I.      Motion for Preliminary Injunction

2         Plaintiff states that he seeks to prevent the enforcement of various orders issued in state

3    court.  (Doc. 6 at 3-6.)  Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 62

4    and argues that there is irreparable harm due to the ongoing enforcement of the state court's

5    orders as it has affected his emotional wellbeing and physical health, that he is likely to succeed

6    on the merits given the alleged violations of the First, Fifth, Sixth, Eighth, and Fourteenth

7    Amendments to the Constitution, that the balance of equities tips in his favor as harm from

8    enforcement of allegedly unconstitutional orders outweighs harms to Defendants, and that the

9    public interest favors granting a stay to prevent further alleged constitutional violations.  (*Id.* at

10   2-3.)

11       ### A.      Legal Standard

12        Plaintiff states that he brings this motion pursuant to Federal Rule of Civil Procedure 62,

13   which permits stays of proceedings to enforce judgments in federal actions.  *See* Fed. R. Civ. P.

14   62.  However, Plaintiff requests the Court stay orders issued in California state court proceedings.

15   Accordingly, the Court construes Plaintiff's request as one for a preliminary injunction.

16        "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

17   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

18   preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

19   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

20   favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction

21   may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

22   omitted).  Federal courts are courts of limited jurisdiction and in considering a request for

23   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

24   have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

25   *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

26   464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

27   power to hear the matter in question.  *Valley Forge*, 454 U.S. at 471.

28        ///

2

1     **B.**    **Discussion**

2        Plaintiff has not met the requirements for the injunctive relief that he seeks.  The Court

3 screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. §

4 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

5 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

6 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).  Upon

7 screening, the Court determined that Plaintiff's complaint fails to state a cognizable claim and

8 that the Court does not have jurisdiction to review orders issued in state court proceedings.  (Doc.

9 11.)  As the Court explained there, under the Rooker-Feldman doctrine, a federal district court

10 does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court.

11 *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); see also *Dist. of*

12 *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*,

13 263 U.S. 413, 415 (1923).

14        Plaintiff has not yet filed an amended complaint that states a cognizable claim or clarifies

15 how the Court would have subject matter jurisdiction.  As a result, the Court cannot find that

16 Plaintiff has shown a likelihood of success on the merits.  In addition, no Defendant has been

17 ordered served, and no Defendant has yet made an appearance.  Thus, the Court at this time lacks

18 personal jurisdiction over any defendants, and it cannot issue an order requiring them to take, or

19 forbid them from taking, any action.  Moreover, the instant motion seeks to stay orders from

20 California state court decisions, over which the Court has no jurisdiction.  Further, while Plaintiff

21 argues that he will suffer irreparable harm in the absence of an injunction, that the balance of

22 equities tip in his favor, and that an injunction is in the public interest, Plaintiff does not provide

23 support for these elements beyond conclusory statements.  (*See* Doc. 6 at 2-3.)

24 ///

25 ///

26 ///

27 ///

28 ///

3

1      **II.     Conclusion and Recommendation**

2      Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Stay

3  Lower Court Orders, construed as a request for a preliminary injunction (Doc. 6) be DENIED.

4      These Findings and Recommendation will be submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

6  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

7  objections with the court. The document should be captioned "Objections to Magistrate Judge's

8  Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or**

9  **include exhibits. Exhibits may be referenced by document and page number if already in**

10  **the record before the Court. Any pages filed in excess of the 15-page limit may not be**

11  **considered.** Plaintiff is advised that failure to file objections within the specified time may result

12  in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v.*

13  *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th

14  Cir. 1991)).

15

    IT IS SO ORDERED.

16

17      Dated:    **March 24, 2025**         /s/ *Barbara A. McAuliffe*

18                                         UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28