UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL SMITH,<br><br>               Plaintiff,<br><br>     v.<br><br>NEWSOME et al.,<br><br>               Defendants. | Case No. 1:24-cv-00592-KES-BAM<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AND PLAINTIFF BE DENIED LEAVE TO AMEND**<br><br>(Doc. 14) |

On April 14, 2025, Plaintiff Nathanael Smith ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed his Second Amended Complaint ("SAC") against Defendants Judge Kevin Seibert, Judge Hallie Campbell, Judge David Beyersdorf, Commissioner Philip Pimentel, Ryan Campbell, Veronica Roberts, Nate Nutting, Clint Parish, Central Sierra Child Support Agency, Olivia Phillips, and Juley Salkeld.  (Doc. 14 at 9-11.)  The Court previously screened Plaintiff's First Amended Complaint ("FAC") and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim.  (Doc. 11 at 11.)  Because Plaintiff is proceeding *pro se*, the Court granted Plaintiff an opportunity to amend his complaint to cure the identified deficiencies, to the extent he was able to do so in good faith.  (*Id.*)  Plaintiff's SAC (Doc. 14) is currently before the Court for screening.

Plaintiff has failed to remedy the deficiencies identified in the Court's initial screening

1

order. (Doc. 11.)  This is Plaintiff's third complaint, and it appears to the Court that any further amendment would be futile. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  The Court will therefore recommend dismissal of this action for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim.

## I.    Screening Requirement and Standard

As described in the Court's initial screening order, the Court is required to screen complaints brought by persons proceeding in *pro se* and *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Summary of Plaintiff's Allegations

The factual allegations contained within Plaintiff's SAC are substantially similar to his FAC, which has already been summarized in detail in the Court's initial screening order.  (Doc. 11 at 2-3.)  In his SAC, Plaintiff provides handwritten annotations, highlighting, arrows, and

2

brackets to bring certain allegations and explanations to the Court's attention and ostensibly address the deficiencies raised in the Court's initial screening order.  Plaintiff's SAC also includes a handwritten letter requesting the assigned magistrate judge be removed from this action.  (*Id.* at 8.)

Broadly, Plaintiff alleges that various California state court judges, commissioners, and employees, as well as various agencies and individuals, unfairly limited his custody and visitation rights, engaged in litigation abuse, are "attempting to claim I have schizophrenia and delusional and said they are going to try and force drugs," violated his constitutional rights, engaged in judicial overreach and "Title IV-D Fraud," unfairly incarcerated him, and perpetrated "ongoing bias and procedural irregularities" in the course of the judicial proceedings.[1]  (Doc. 14 at 12-15.)

Plaintiff brings claims under the First, Second, Fifth, Sixth, Seventh, Eight, and Fourteenth Amendments.  (*Id.* at 2.)  Plaintiff also purports to bring claims under 18 USC §§ 241, 242, 286, 287, 371, 1031, 1951(a)(b)(2), 1961(1)(A)(B)(2)(3)(4)(5), 2382, 455, 31 USC § 3729(a)(1)(A)(B)(E), 42 USC §§ 658, 458, and 458 Title IV-D.  (*Id.*)  Plaintiff alleges that the actions of the Defendants have caused emotional and psychological harm, impacts to his physical and mental health, economic damages due to loss of employment and "disproportionate" child support payments, and loss of his "son, dog, house, car and freedom."  (*Id.* at 3.)

Plaintiff seeks $100,000,000 in monetary damages, "an injunction to cease the enforcement of the arbitrary orders presently in effect," that his son "be restored to [his] care immediately in full custody," and for the Court to "consider criminal charges brought against all parties involved."  (*Id.* at 3-4.)  Plaintiff lists ten injunctions that he requests the Court to take "immediate action[]" on, including (1) recission of a November 15, 2022 Domestic Violence Restraining Order ("DVRO"), (2) termination of the requirement to exchange custody at a police station as ordered on March 14, 2023, (3) reversal of the one-year July 7, 2023 DVRO, (4) cancellation of the July 10, 2023 prohibition against recording interactions with Plaintiff's son,

---

[1] The state court action at issue appears to be *Nathaniel Smith v. Olivia Phillips*, Case No. FL17431, filed in the Tuolumne County Superior Court.  Elsewhere, Plaintiff points to other cases in Tuolumne County Superior Court: Case Nos. FL17431, CV65761, CRM75348, and CRM75349.  (Doc. 14 at 15.)

3

(5) reversal of the August 1, 2023 visitation limitation, (6) exclusion of Plaintiff's son from the DVRO, (7) recission of the February 2, 2024 No-Visitation Order, (8) Reversal of the March 15, 2024 DVRO denial, (9) restoration of Plaintiff's custody rights and reversal of FC3022.3 denial, and (10) reversal of the May 20, 2024 civil restraining order.  (Doc. 14 at 5.)  Plaintiff further lists several "extra requests," including that "all the immunities be pierced of all parties based on this action" on the basis that "[t]he judges in question clearly had no jurisdiction to make all these unconstitutional orders, they have been acting completely out of control without any proper management," "they have been behaving without limitations, kidnapping children away from parents that have never been deemed unfit for revenue generation and just for the sheer joy of being a tyrant," and requesting that "[t]hese judges need to be removed from the bench immediately" and "consider all parties to be brought up on criminal charges."  (*Id.* at 5-6.)

Plaintiff attaches court decisions that he argues "show federal family court intervention." (*Id.* at 7.)  Plaintiff further alleges that "[t]he situation we are dealing with is not an isolated incident; it is part of a broader, systemic issue within Tuolumne County that has left many parents struggling to reclaim their rights and reunite with their children . . . This problem has reached a magnitude that necessitates Federal Intervention to ensure that the rights of parents and the well-being of children are safeguarded."  (*Id.* at 53.)  Plaintiff further asserts that he is bringing these claims on behalf of other parents:

> We are not alone in this fight; there is a collective plea from parents across Tuolumne County who are desperate for change and justice.  On behalf of all the parents who have endured similar hardships, I extend our deepest gratitude for taking the time to review our complaint and plea.  Your attention to this matter brings hope to many who have felt voiceless and powerless in the face of systemic abuse.

(*Id.* at 53.)

**III.    Discussion**

**A.  Federal Rule of Civil Procedure 8**

As noted in the Court's initial screening order, a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff was

4

advised that where factual allegations are accepted as true, legal conclusions are not, and that a mere recital of constitutional elements or the elements of a particular cause of action is not sufficient.  (Doc. 11 at 4.)  Plaintiff was further advised that the Court cannot "sift through" stacks of exhibits "to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. California Dep't of Corr. & Rehab.*, No. 1:23-CV-01167-BAM-PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), *report and recommendation adopted*, No. 1:23-CV-1167-JLT-BAM-PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024).

While significantly shorter than the FAC, Plaintiff's SAC continues to rely on broadly stated constitutional and statutory violations.  Much of Plaintiff's SAC consists of summaries of case law that he argues show that his constitutional rights were violated and that immunity does not apply.  Plaintiff still does not explain how the cited federal statutes were violated or provide sufficient factual allegations regarding the alleged constitutional and statutory violations.  The SAC is comprised of what would more aptly be described as legal argument rather than new allegations of fact.  The Court is not required to accept vague and conclusory statements. *Iqbal*, 556 U.S. at 678 (citation omitted).  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*, 550 U.S. at 555).

Accordingly, Plaintiff's SAC does not comply with Rule 8 of the Federal Rules of Civil Procedure.

### B.  Jurisdiction – Child Custody, Visitation, and Child Support Claims

As noted in the Court's initial screening order, the Court is without jurisdiction over claims regarding child custody, visitation, child support, or restraining orders.  (*See* Doc. 11 at 4-5) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992)).  Plaintiff's SAC includes handwritten annotations, brackets, and arrows purporting to clarify why the Court has jurisdiction over these claims.

The Court has reviewed the cases cited by Plaintiff in his SAC and finds that the cases do not provide a basis for jurisdiction. Plaintiff cites several cases, including a 1980 Kansas Court of Appeals decision (*In Int. of Cooper*, 5 Kan. App. 2d 584, 621 P.2d 437 (1980), *rev'd,* 230 Kan.

5

57, 631 P.2d 632 (1981)), an 1886 U.S. Supreme Court decision (*Yick Wo v. Hopkins*, 118 U.S. 356 (1886)), a 2017 Ninth Circuit decision (*Hardwick v. Cnty. of Orange*, 844 F.3d 1112 (9th Cir. 2017), and a 2017 Georgia Court of Appeals decision (*In Int. of C. H.*, 343 Ga. App. 1, 805 S.E.2d 637 (2017)). (*See* Doc. 14 at 6, 56, 57.)  These opinions do not establish that the Court has jurisdiction to hear this dispute.[2]

Contrary to Plaintiff's assertions, the issue is not whether a District Court is able to rule on constitutionally protected liberty interests implicated in custody cases.  Rather, as the Court noted in its initial screening order, the issue is whether Plaintiff is asking the District Court to review and reject a state court's final judgment. (Doc. 11 at 4-5.)  The Court lacks subject matter jurisdiction to hear an appeal from the judgment of a state court.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")  Under 28 U.S.C. § 1257, the U.S. Supreme Court has exclusive appellate jurisdiction over state court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Plaintiff is requesting that the Court alter the existing custody arrangement (requesting his son "be restored to my care immediately in full custody"; requesting that the Court "return my son to his father . . . who is demonstrably the healthier and more capable parent"), alter existing state court DVROs, and order the Tuolumne County Superior Court judges deciding his custody proceeding to be removed. (Doc. 14 at 28.)  Plaintiff challenges the state court proceedings, alleges errors occurred, and challenges his child support payments ("[state court judge] ordered

---

[2] *In Int. of Cooper* is a Kansas state court decision ruling on a narrow issue of first impression in Kansas state law, concerning whether counsel would be appointed when custody is temporarily removed from a parent under Kan. Stat. Ann. § 38-820 (Repealed by Laws 1982, ch. 182, § 150). *Yick Wo v. Hopkins* concerns a challenge to a racially discriminatory San Francisco ordinance relating to the regulation of laundry businesses. *Hardwick v. Cnty. of Orange* concerns a civil rights action brought under 42 U.S.C. § 1983, "involving only legal issues regarding the [county Social Services Agency] employees' claims of an entitlement to immunity." *Hardwick*, 844 F.3d at 1115.  Finally, *In Int. of C. H.*, the Georgia Court of Appeals considers whether parents were afforded their right under Georgia statute and the Fourteenth Amendment to counsel in dependency proceedings.  These cases do not relate to or opine on the *Rooker-Feldman* doctrine or otherwise establish that the Court has jurisdiction to hear this dispute.

child support higher than my mortgage payment without considering the child's needs or obtaining updated financial statements from the mother.") (*Id.* at 37.)  Plaintiff is explicitly requesting the Court review his state court proceedings.  (*Id.* at 14) ("My struggle culminated in a plea to higher courts and federal authorities to address the grievous misapplications of law," Plaintiff's state court cases "symbolize a pervasive problem demanding immediate attention and rectification".)  Plaintiff seems to be bringing this case as a way to request federal intervention in state court.  (*Id.* at 53, 7) (requesting "federal family court intervention," "[t]his problem has reached a magnitude that necessitates Federal Intervention to ensure that the rights of parents and the well-being of children are safeguarded.")  Furthermore, Plaintiff is requesting that the Court order him released from the County Jail.  (*Id.* at 13) ("I'm locked in County Jail on a no bail hold, please release me they are claiming 7 felonies. Contact Cass the DA for Tuolumne County".)

As previously discussed in the initial screening order, District Courts lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings.  (*See* Doc. 11 at 5) (citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986)).  Federal courts are prohibited from exercising appellate review over final state court judgments.  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).  The Ninth Circuit has recognized that "[t]he clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859 (quoting *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir.2007)).  That is explicitly what Plaintiff is requesting the Court do in this case.

State courts are competent to adjudicate federal constitutional claims.  *Id.*  Plaintiff was able to raise his constitutional claims in state court, and if he failed to do so, that "does not mean that a United States District Court should have jurisdiction over the claims."  *Id.*  If Plaintiff wishes to appeal the state court decisions, Plaintiff should pursue appellate proceedings in state court.  *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and

7

timely appellate proceeding.")

The SAC does not establish that the Court has jurisdiction to review, reverse, or modify any state court order in the state court matter.  Accordingly, the Court has no jurisdiction to review any final judgments in the State Court Action.

### C.  Constitutional Claims

Like the FAC, the SAC asserts claims under the Constitution's First, Second, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments.  (Doc. 14 at 2.)  In its initial screening order, the Court extensively considered each of these claims and identified the deficiencies that Plaintiff's SAC must cure in order to bring these claims.  The Court refers back to its initial screening order for further discussion of the legal background of each claim.

### 1.  First Amendment

Plaintiff alleges that the November 15, 2022, July 7, 2023, and March 15, 2024 DVROs, court-ordered therapy, and the prohibition against recording interactions with his son constitutes a violation of Plaintiff's First Amendment rights.  (*Id.* at 4-5.)  Plaintiff additionally argues that "[a]t the end of the trial, Judge Campbell permitted Juley Salkeld to argue that I did not need Christmas Eve with my son because I am a 'Jehovah's Witness.' Judge Campbell then removed my usual overnight holiday visitation with my son.  The claim that I am a Jehovah's Witness was untrue, and even if it were true, it would constitute a violation of my 1st Amendment rights." (*Id.* at 19.)  Plaintiff seeks recission of the relevant court orders.  (*Id.* at 4-5.)

As explained above and in the Court's initial screening order, the Court cannot review or alter the State Court final judgments.  *Rooker*, 263 U.S. at 415; *District of Columbia Court of Appeals v. Feldman*, 460 US 462, 483 (1983).  Moreover, state courts have "virtually exclusive province" to regulate domestic relations.  *Sosna v. Iowa*, 419 U.S. 393, 404 (1975).

Additionally, as held in the Court's initial screening order, Plaintiff still does not provide factual allegations regarding how any Defendant abridged his right to free speech.  (Doc. 11 at 6.)  Plaintiff does not state a claim under the First Amendment.

### 2.  Second Amendment

Plaintiff alleges that the November 15, 2022 and July 7, 2023 DVROs and court-ordered

therapy infringe on his Second Amendment rights.  (Doc. 14 at 4.)  In its initial screening order, the Court noted that Plaintiff will have to include sufficient factual allegations related to any limitation on Second Amendment rights.  (Doc. 11 at 6.)

Plaintiff has not remedied this deficiency.  Plaintiff does not state a claim under the Second Amendment.

### 3.  Fifth Amendment

Plaintiff alleges that the February 2, 2024 No-Visitation Order, the March 15, 2024 DRVO denial, and the April 2, 2024 decision regarding visitation and Plaintiff's request for a statement of decision under FC3022.3 violate Plaintiff's Fifth Amendment rights.  (Doc. 14 at 5.)  As the Court's initial screening order states, "the Fifth Amendment's due process clause applies only to the federal government."  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

Plaintiff still does not allege that any defendants are employees of the federal government.  (*See* Doc. 14 at 9-11.)  Plaintiff does not state a claim under the Fifth Amendment.

### 4.  Sixth Amendment

Plaintiff alleges that the February 2, 2024 state court order relating to visitation, the March 15, 2024 DVRO denial, and the April 2, 2024 decision regarding visitation and Plaintiff's request for a statement of decision under FC3022.3 violate Plaintiff's Sixth Amendment rights.  (Doc. 14 at 5.)  As the Court's initial screening order notes, the protections of the Sixth Amendment apply to criminal proceedings.  *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions.") (quotation omitted).  The Sixth Amendment is not implicated in custody, visitation, or civil restraining order proceedings.  *See Le v. Scott*, No. G038868, 2008 WL 616254, at *3 (Cal. Ct. App. Mar. 7, 2008) ("The Sixth Amendment applies only to criminal actions. A domestic violence petition is not a criminal action.")

Plaintiff has not alleged any facts that support a Sixth Amendment claim.  Plaintiff does not state a claim under the Sixth Amendment.

### 5.  Seventh Amendment

Plaintiff alleges that his Seventh Amendment rights were violated but does not include

9

more than a conclusory statement in support. (Doc. 14 at 2) ("The Federal Constitution's First, Second, Sixth, Seventh, Eighth, and Fourteenth Amendments have clearly been breached.") The initial screening order pointed out the lack of supporting allegations. (Doc. 11 at 7.)

Plaintiff has not corrected this deficiency. Accordingly, Plaintiff does not state a claim under the Seventh Amendment.

### 6. Eighth Amendment

Plaintiff alleges that the November 15, 2022 and July 7, 2023 DVRO, requirement to exchange custody at a police station, court-ordered therapy, visitation limitations, March 15, 2024 DVRO denial, and the April 2, 2024 decision regarding visitation and Plaintiff's request for a statement of decision under FC3022.3 violate Plaintiff's Eighth Amendment rights. (Doc. 14 at 4-5.) Plaintiff further alleges that the state court judge's decision to add Plaintiff's child to an existing restraining order constituted a violation of the Eighth Amendment (*Id.* at 19.)

As noted in the initial screening order, the Eighth Amendment is designed to protect those convicted of crimes. (Doc. 11 at 7) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). Plaintiff's SAC still contain no allegations that have to do with the imposition of punishment or the conditions of Plaintiff's confinement. Rather, Plaintiff's allegations of harm stem from the custody decisions in the underlying state court case, along with various decisions related to DVROs. *See Spears v. El Dorado Cnty. Cts.*, No. 2:16-CV-2655-DMC-P, 2019 WL 3202802, at *3 (E.D. Cal. July 16, 2019) (finding that the factual basis for prisoner's Eighth Amendment claims do not relate to the imposition of punishment or the conditions of his confinement but rather relate to separate guardianship and dependency hearings, and thus are "not a separate constitutional tort.")

Plaintiff has not corrected this deficiency. Accordingly, Plaintiff does not state a claim under the Eighth Amendment.

### 7. Fourteenth Amendment

Plaintiff alleges that the November 15, 2022 and July 7, 2023 DVROs, prohibition against recording interactions with his son, restrictions on visitation, inclusion of his son in a DVRO on January 2, 2024, March 15, 2024 DRVO denial, "[g]ranting a Temporary Restraining Order

10

(TRO) for a constitutionally protected activity, while allowing an attorney and mother to submit fraudulent evidence," (Doc. 14 at 29, 44, 52), and the April 2, 2024 decision regarding visitation and Plaintiff's request for a statement of decision under FC3022.3 violate Plaintiff's Fourteenth Amendment rights.  (*Id.* at 4-5.)

As noted in the initial screening order, to state a claim for violation of the Fourteenth Amendment's Due Process clause, Plaintiff is required to allege more than conclusory statements by which the Court could reasonably infer that Plaintiff has not received the process due from Defendants as it relates to his allegations in this action.  (Doc. 11 at 8-9.)  Additionally, to state a claim for violation of the Fourteenth Amendment's Equal Protection Clause, Plaintiff must allege that he is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class.  (*Id.* at 9.)

Plaintiff has not corrected this deficiency.  Accordingly, Plaintiff does not state a claim under the Fourteenth Amendment.

### D.  Claims under the United States Code

Similarly, like the FAC, the SAC asserts claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 286, 18 U.S.C. § 287, 18 U.S.C. § 371, 18 U.S.C. § 1031, 18 U.S.C. § 1951(a)(b)(2), 18 U.S.C. § 1961(1)(A)(B)(2)(3)(4)(5), 18 U.S.C. § 2382, 18 U.S.C. § 455, 31 U.S.C. § 3729(a)(1)(A)(B)(E), 42 U.S.C. § 658, and 458 Title IV-D.  (Doc. 14 at 2.)

The SAC fails to rectify any of the flaws identified in the initial screening order.  Plaintiff does not include any new allegations relating to his claims under these statutes.  As noted by the Court in its initial screening order, there is no language in these sections that would imply a cause of action exists to allow Plaintiff to seek a remedy pursuant to these criminal statutes in this action.  (Doc. 11 at 9-10.)

Plaintiff references 42 U.S.C. § 1983 at two points in the SAC, but does not clearly state whether he is bringing claims under this section.  (Doc. 14 at 15, 44.)  Nor does Plaintiff make any allegations regarding any specific defendant or allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).  Federal Rule of Civil Procedure 8 requires that complaints contain a

11

"short and plain statement of the claim showing that the pleader is entitled to elief." Fed.R.Civ.P. 8(a)(2). Plaintiff is required to allege "with some degree of particularity overt acts by specific defendants which support the claims." *Spears v. Weiner*, No. 2:14-CV-0950-CMK-P, 2015 WL 1440319, at *5 (E.D. Cal. Mar. 27, 2015). Vague and conclusory allegations do not satisfy this standard. *Id.* While the Court construes *pro se* pleadings liberally, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Plaintiff does not state a claim under any of the cited sections of the United States Code.

### E.  Immunity

Plaintiff states that he "ha[s] extensive case law demonstrating that most, if not all, of the orders in question are void, and that immunity could be removed due to a conspiracy to deprive rights under 18 U.S.C. § 241" (Doc. 14 at 41), and that the state court judges acted illegally by "[g]ranting a Temporary Restraining Order (TRO) for a constitutionally protected activity, while allowing an attorney and mother to submit fraudulent evidence, constitutes a felony and undermines the fundamental rights protected by the 8th and 14th Amendments of the Constitution." (*Id.* at 52.)

As noted in the initial screening order, judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *See id.* Plaintiff has not alleged facts that either circumstance applies here. Judges retain their immunity from suit even when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), and when they are accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Schucker*, 846 F.2d at 1204 ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity"). Judicial immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Plaintiff is seeking to hold the judicial defendants liable for acts taken in the underlying

state court custody cases.  Plaintiff cannot state claims against the defendant judges or court personnel because judges have absolute immunity for judicial acts taken within the jurisdiction of their courts.

**IV.     Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED that:

1.  Plaintiff's claims be dismissed, with prejudice, based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim; and

2.  The Court declines to provide Plaintiff further leave to amend because further amendments would be futile.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2026**                    /s/ *Barbara A. McAuliffe*      
                                                              UNITED STATES MAGISTRATE JUDGE

13